IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES SCOTT LOMON,

               Plaintiff,

vs.                                             Case No. 20-3315-SAC

OFFICER BEYERS and
OFFICER ESPINOSA,

               Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights in relation to his incarceration. He brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

## II. Plaintiff's complaint

In Count One plaintiff alleges that on July 30, 2020 he was transported in restraints by motor vehicle from Norton Correctional Facility to the Lyon County Jail and that during this approximately five-hour drive the transport officer (defendant Beyers) failed to have on his person the keys to loosen or remove the restraints in case this was needed.

In Count Two plaintiff alleges that his rights to privacy were violated because jail officers were in the medical examination room with plaintiff when he had a medical appointment, and in some instances conversed with medical personnel concerning matters

3

regarding plaintiff's health.  Defendant Espinosa is alleged to have been involved in one instance where he dismissed plaintiff from the clinic.

The complaint states that plaintiff seeks "financial compensation consistent with federal guidelines governing these proceedings considered fair and within an agreement accepted by plaintiff as fair payment for damages caused by officials['] interference and neglect and medical treatment ASAP."  Doc. No. 1, p. 5.

III. Screening

   A. Section 1997e(e)

Plaintiff's complaint does not allege that he has suffered a physical injury because of the actions of either defendant. Therefore, plaintiff must be seeking financial compensation for mental or emotional injury.  Federal law, 42 U.S.C. § 1997e(e), prohibits the recovery of compensatory damages in such a situation. The statute states:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  This court has previously applied the statute in screening out a claim for damages somewhat similar to that alleged in Count Two of the complaint.  See Howard v. Douglas County Jail, 2009 WL 1504733 *4 (D.Kan. 5/28/2009).

4

B. <u>Eighth Amendment and defendant Beyers</u>

Count One of the complaint is labelled "inhumane transport." Plaintiff appears to allege that the Eighth Amendment's protections against cruel and unusual punishment were violated by defendant Beyers' failure to carry keys during plaintiff's transportation. Plaintiff states that it is "inhumane to place prisoners in a potentially dangerous situation." Doc. No. 1, p. 7.

In general, a prisoner may demonstrate a violation of the Eighth Amendment with respect to conditions of confinement if he shows that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 & 834 (1994). According to plaintiff, defendant Beyers was at best reckless. But, plaintiff does not allege that the result of such recklessness was the denial of one of life's necessities. Accordingly, the court finds that plaintiff has not alleged a plausible Eighth Amendment claim against defendant Beyers.

C. <u>Right to privacy and defendant Espinosa</u>

Count Two of the complaint is labelled "HIPPA Privacy Act." Plaintiff appears to allege that his privacy rights have been violated by jail officers attending his medical examinations.

5

1. HIPPA

There is no private cause of action for HIPAA law violations. "HIPAA" stands for Health Insurance Portability and Accountability Act. The law provides for civil and criminal penalties for improper disclosure of medical information. But, orders from the Tenth Circuit and this court have observed a consensus of opinion that HIPAA does not create a private right of action. E.g., Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); Wilson v. Saint Francis Community Services, 2018 WL 4409440 *2 (D. Kan. 9/17/2018). The Tenth Circuit recently reaffirmed this holding in Freier v. Colorado, 804 Fed.Appx. 890, 891-92 (10th Cir. 2020). The Tenth Circuit has also noted that two circuit courts have held that § 1983 may not be used to remedy a HIPAA violation. Thompson v. Larned State Hospital, 597 Fed.Appx. 548, 550 (10th Cir. 2015)(citing Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010) and Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010)). The Secretary of Health and Human Services or state attorneys general must enforce against HIPAA violations. Freier, 804 Fed.Appx. at 892.

2. Right to privacy

Several courts have found no constitutional violation under circumstances similar to those alleged by plaintiff. E.g., Franklin v. McCaughtry, 110 Fed.Appx. 715, 718-19 (7th Cir. 2004)(discussion of medical information in the presence of inmates

6

and prison staff); Pena v. Downstate Correctional Facility Medical Department, 2020 WL 1467372 *3 (S.D.N.Y. 3/25/2020)(discussion of medical information and medical examinations not conducted in private); Williams v. Trujillo, 2019 WL 8266652 *2-3 (D.Ariz. 10/9/2019)(multiple officers present during medical examinations on eight occasions); Corey v. Jones, 2018 WL 659171 *2-3 (S.D.Ill. 2/1/2018)(jail officer present and surveillance camera used during medical examinations); Haid v. Cradduck, 2016 WL 3555032 *6 (W.D.Ark. 6/24/2016)(jail officer present during examination of inmate nude from the waist down); Thomas v. Funk, 2007 WL 914582 *12-13 (C.D.Ill. 3/23/2007)(rectal exam viewed by guards and two inmates); Rodriguez v. Ames, 287 F.Supp.2d 213, 219-20 (W.D.N.Y. 2003)(rectal exam performed in presence of cellmate).

Moreover, defendant Espinosa would be entitled to qualified immunity against a claim for damages for the violation of his right to privacy under the alleged circumstances because this right is not clearly established in the decisions of the Supreme Court or the Tenth Circuit Court of Appeals. See Williams, at *4 (discussing Supreme Court and Ninth Circuit precedent); Leiser v. Moore, 2017 WL 4099469 *4-5 (D.Kan. 9/15/2017)(qualified immunity applied to inmate's claim that medical information was disclosed to plaintiff's friends and family by county sheriff).

7

IV. Conclusion

For the above-stated reasons, it appears that plaintiff's complaint fails to state a claim for relief and is subject to dismissal. Plaintiff is hereby ordered to show cause by January 29, 2021 why his complaint should not be dismissed for failure to state a claim or, in the alternative, file an amended complaint which corrects the deficiencies discussed in this order. If plaintiff fails to make a timely response to this order, this case may be dismissed without further notice. Plaintiff is further cautioned that he is responsible for informing the court in event that his address changes.

**IT IS SO ORDERED.**

Dated this 31th day of December 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge