IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES SCOTT LOMON,

              Plaintiff,

vs.                                                Case No. 20-3315-SAC

OFFICER BEYERS and
OFFICER ESPINOSA,

              Defendants.

**O R D E R**

    Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights in relation to his incarceration. He brings this case pursuant to 42 U.S.C. § 1983.[1] On December 31, 2020, the court screened plaintiff's original complaint and directed plaintiff to show cause why his complaint should not be dismissed or, in the alternative, to file an amended complaint. Doc. No. 4. Plaintiff has filed an amended complaint (Doc. No. 5) which is very similar to his original complaint, except that plaintiff seeks different relief. This case is before the court for the purposes of screening plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. The court applies the same

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

standards which the court reviewed on pp. 1-3 of the first screening order – Doc. No. 4.

The amended complaint alleges in Count One that plaintiff's safety was endangered when defendant Beyers transported plaintiff in a vehicle in shackles without possessing keys to undo the shackles if an emergency arose.  Plaintiff claims this was reckless, but he does not allege an injury other than mental anguish.  While plaintiff may have the right to complain, filing a court case will not succeed if the legal complaint does not state a claim upon which relief may be granted.  Here, plaintiff has not alleged facts demonstrating an injury upon which plaintiff may recover compensatory damages because of the provisions of 42 U.S.C. § 1997e(e).[2]  Nor does plaintiff allege facts which would support <u>any</u> type of relief because he fails to allege any significant mental or physical distress from the alleged misconduct described in Count One.

In Count Two, plaintiff alleges that a correctional officer, presumably defendant Espinosa, put his hands on plaintiff during a medical examination.  Plaintiff complained and was then dismissed from the examination room.  Plaintiff alleges that this caused plaintiff to stop taking certain prescribed medications and to

---

[2] Section 1997e(e) states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

avoid the clinic for medical help.  In his amended complaint, unlike the original complaint, plaintiff is not making a privacy claim or a HIPPA claim in Count Two.  In the first screening order, the court explained that these theories would not support a claim for damages.

The court construes Count Two as attempting to allege an Eighth Amendment claim of deliberate indifference to plaintiff's right to health care.  To support such a claim, plaintiff must allege facts showing that as an inmate he had an objectively serious medical need and that the defendant was deliberately indifferent to an excessive risk to an inmate's health or safety. Jensen v. Garden, 752 Fed.Appx. 620, 624 (10th Cir. 2018). Deliberate indifference requires intentional disregard of a substantial risk of serious harm or an extraordinary degree of neglect. See Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006).

Plaintiff does not allege facts showing that defendant Espinosa caused plaintiff to suffer significant pain or a significant medical injury.  He only alleges that defendant Espinosa put his hands on plaintiff during an examination and that when plaintiff objected plaintiff was dismissed from the examination.  Plaintiff does not allege that defendant Espinosa intended to cause harm to plaintiff or that he recklessly acted in disregard to plaintiff's health.  For these reasons, the court

3

finds that plaintiff has not stated a plausible Eighth Amendment claim.

Finally, in reaction to the court's finding in the first screening order that his claims would not justify an award of damages, plaintiff requests in the amended complaint that a state criminal action be dismissed against him. The defendants plaintiff has sued do not have the authority to dismiss a state criminal action and plaintiff does not have apparent grounds to sue an official who would have that authority. Therefore, plaintiff's proposed alternative relief cannot be ordered by the court given the allegations made in the amended complaint.

For the above-stated reasons, the court finds that plaintiff has not stated a plausible claim for relief. Therefore, the court directs that plaintiff's action be dismissed.

**IT IS SO ORDERED.**

Dated this 2nd day of February 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge